# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs August 3, 2010

## STATE OF TENNESSEE v. JOSEPH NELSON

**Direct Appeal from the Circuit Court for Madison County**
**No. 08-674     Donald H. Allen, Judge**

**No. W2009-02190-CCA-R3-CD  - Filed November 5, 2010**

The defendant, Joseph Nelson, was convicted by a Madison County jury of two counts of rape of a child, a Class A felony.  He was subsequently sentenced by the trial court to concurrent sentences of twenty-five years, to be served in the Department of Correction.  On appeal, the defendant has raised the single issue of sufficiency of the evidence.  Following review of the record, we affirm the judgments of conviction.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which JAMES CURWOOD WITT, JR. and J.C. MCLIN, JJ., joined.

George M. Googe, District Public Defender, and Gregory D. Gookin, Assistant Public Defender, for the appellant, Joseph Nelson.

Robert E. Cooper, Jr., Attorney General and Reporter; Clarence E. Lutz, Assistant Attorney General; James G. (Jerry) Woodall, District Attorney General; and Shaun A. Brown, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Facts

On August 3, 2008, the defendant was staying with the then twelve-year-old victim, her mother, stepfather, and brother in their home.  Additionally, the defendant's brother was "in and out" of the house as well.  On the evening of the incident, the defendant was left to babysit the victim and her younger brother while the victim's mother and stepfather went to purchase school supplies.  Between 9:00 and 10:00 p.m., he went into the children's bedroom.  The defendant's brother remained in the living room.  The victim's brother was asleep on the top bunk, and the victim was lying on the bottom bunk.  The defendant began to talk about having sex with the victim, who stated

that she was scared. The defendant told her that it would be all right and then proceeded to insert his penis into her vagina for approximately five minutes. The defendant then left the room. The victim did not tell anyone about the incident.

Approximately two or three weeks later, the victim, her mother, and brother had moved into the home of the defendant's mother because of problems between the victim's mother and stepfather. Her mother began a relationship with the defendant at the time. A second incident of rape occurred one afternoon when the victim and the defendant were inside the house alone. The defendant told the victim that he wanted to have sex with her again, and the victim said "whatever." At that point, the defendant placed the victim on the bed, pushed her shorts aside, and proceeded to engage in sexual intercourse, eventually ejaculating on the floor, the bed, and the victim's shorts. The defendant again left the room, and the victim did not tell anyone about the incident.

During the ensuing two to three weeks, the victim's mother and stepfather reconciled, and they all moved back into their own home. At some point, the victim's mother asked her if anything had happened between her and the defendant. The victim then told her mother about the two incidents. The victim's mother confronted the defendant and called the police. The defendant denied any inappropriate conduct. However, after several conversations, he admitted to the victim's mother that he had put his penis inside the victim's vagina on the first occasion but continued to deny a second instance of misconduct.

Sergeant Stacy with the Madison County Sheriff's Office was assigned to the case on the day after the victim's mother reported the incidents to the police. She left a message with the defendant's mother, and, within a few days, the defendant voluntarily came to the station. During the interview, the defendant acknowledged in a written statement that he had placed his penis inside the victim on the first instance but again denied any other misconduct. He further stated that he had "pulled out" when he realized that the victim "wasn't a virgin." He also stated that the victim had a crush on him and had been coming onto him for some time. According to the defendant, after the incident, the victim became bolder and started flashing him and grabbing his privates.

The defendant was subsequently indicted by a Madison County grand jury for two counts of rape of a child. A jury trial was later commenced at which the State presented the testimony of the victim, her mother, and Sergeant Stacy, who read the defendant's written statement into evidence. The defense called two witnesses, the first of which was Robert Beasley, a neighbor of the defendant's mother. The substance of his testimony was that he was at the house quite frequently and that he had never seen the defendant and the victim alone together. However, he did recall that the victim had spent the night at the home on at least one occasion. The defendant also took the stand in his own defense and testified that he lived with the victim's family during this time period. At trial, he acknowledged giving the statement to Sergeant Stacey but testified that he had done so in order to "cover" for his brother who was, in fact, having sexual relations with the victim. He categorically denied that he had any sexual contact with the victim and, further, denied telling the victim's mother that he had engaged in sexual relations with the victim.

-2-

After hearing the evidence presented, the jury convicted the defendant as charged. Following a sentencing hearing, he was sentenced to serve concurrent terms of twenty-five years in the Department of Correction. After the denial of his motion for new trial, the defendant filed the instant timely appeal.

**Analysis**

On appeal, the defendant raises the single issue of sufficiency of the evidence. In considering this issue, we apply the rule that where the sufficiency of the evidence is challenged, the relevant question for the reviewing court is "whether, after viewing the evidence in the light most favorable to the [State], *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *see also* Tenn. R. App. P. 13(e). Moreover, the State is entitled to the strongest legitimate view of the evidence and all reasonable inferences which may be drawn therefrom. *State v. Harris*, 839 S.W.2d 54, 75 (Tenn. 1992). All questions involving the credibility of witnesses, the weight and value to be given the evidence, and all factual issues are resolved by the trier of fact. *State v. Pappas*, 754 S.W.2d 620, 623 (Tenn. Crim. App. 1987). This court will not reweigh or reevaluate the evidence presented. *State v. Cabbage*, 571 S.W.2d 832, 835 (Tenn. 1978).

"A guilty verdict by the jury, approved by the trial judge, accredits the testimony of the witnesses for the State and resolves all conflicts in favor of the theory of the State." *State v. Grace*, 493 S.W.2d 474, 476 (Tenn. 1973). A jury conviction removes the presumption of innocence with which a defendant is initially cloaked and replaces it with one of guilt so that, on appeal, a convicted defendant has the burden of demonstrating that the evidence is insufficient. *State v. Tuggle*, 639 S.W.2d 913, 914 (Tenn. 1982). These rules are applicable to findings of guilt predicated upon direct evidence, circumstantial evidence, or a combination of both. *State v. Matthews*, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990).

The defendant was found guilty of violating Tennessee Code Annotated section 39-13-522 (2006), which defines rape of a child as "the unlawful sexual penetration of a victim by the defendant or the defendant by a victim, if the victim is more than three (3) years of age but less than thirteen (13) years of age." Penetration is defined as "sexual intercourse, cunnilingus, fellatio, anal intercourse, or any other intrusion, however slight, of any part of a person's body or of any object into the genital or anal opening of the victim's . . . body." T.C.A. § 39-13-501(7) (2006). When the accused is convicted of rape of a child, the testimony of the child victim, alone, is legally sufficient to support the conviction even if it contains minor inconsistencies, because it creates a credibility question that rests soundly in the jury's province. *State v. Elkins*, 102 S.W.3d 578, 582 (Tenn. 2003).

The defendant's argument that the evidence is insufficient centers on his reliance upon the following facts: (1) there were no other witnesses to the penetration; (2) the defendant repeatedly denied the incidents to the victim's mother before suddenly acknowledging one instance of misconduct, a statement made without witnesses; (3) the defendant's uncontroverted testimony at

trial that he was only covering for his brother when making his statement to police; and (4) that testimony established that the victim was upset with her mother and had a crush on the defendant. This argument is essentially a credibility challenge. Further, it ignores the fact that each of those facts was placed before the jury, who clearly weighed the inconsistencies in the testimony and accredited the State's witnesses. As has been noted many times, it is not the province of this court to reweigh evidence or reevaluate credibility determinations made by the jury as the trier of fact. *See Pappas*, 754 S.W.2d.at 623

Review of the record reveals sufficient evidence. The victim, who was twelve years old at the time, testified that, on two separate occasions, the defendant had inserted his penis into her vagina. The victim gave detailed accounts of the two incidents, and these accounts were placed before the jury. The victim's mother also testified that she had confronted the defendant after learning of the incidents and that, although he initially denied any contact, the defendant eventually acknowledged to her that he had penetrated the victim on one occasion. Finally, the jury was presented with the defendant's own statement in which he acknowledged penetration of the victim on one occasion. This proof was more than sufficient to allow a reasonable juror to have found beyond a reasonable doubt that the defendant had committed the two acts of rape of a child.

## CONCLUSION

Based upon the foregoing, the judgments of conviction are affirmed.

_____
JOHN EVERETT WILLIAMS, JUDGE

-4-